JONES *v.* KEETCH

1. Innkeepers—Defective Equipment—Paying Guests—Implied
   Warranty of Fitness—Applicability of Doctrine.

   The doctrine of implied warranty of fitness for purposes intend-
   ed applies only to products which are sold and does not
   include chattels or equipment rented to members of the public
   for use during their stay at a motel; hence a directed verdict
   on a breach of warranty count was properly granted to de-
   fendant motel owners where plaintiff, a paying guest, was
   injured when the motel chair on which he was sitting sud-
   denly collapsed.

2. Negligence—Evidence—Conclusions.

   Negligence is rarely provable directly, but is a conclusion
   drawn from operative facts presented at trial.

3. Negligence — Evidence — Destruction of Evidence — Directed
   Verdict.

   A directed verdict for defendant motel owners on a negligence
   count was error where plaintiff guest's evidence showed that
   he was sitting on defendants' chair in a reasonable and normal

---

References for Points in Headnotes

[1, 3] 40 Am Jur 2d, Hotels, Motels, and Restaurants §§ 81, 103.
   Liability of innkeeper to guest for injuries occasioned by defects
   in furnishings or other conditions in room or suite.   18 ALR2d
   973.
   Liability for injury to customer or patron from defect in or fall
   of seat.   21 ALR2d 420.
[2] 38 Am Jur, Negligence §§ 285–340.

manner, that the chair, not being tilted or abused in any
way, suddenly collapsed without forewarning, that plaintiff
told defendants about the incident and the possibility that his
prior back injury might have been aggravated as a result,
and that thereafter defendants destroyed the broken chair,
since defendants' act of destruction, having caused plaintiff's
inability to produce the chair for an examination, should not
have operated to preclude from jury consideration the ques-
tion whether defendants had exercised ordinary care and pru-
dence to render the chair reasonably safe for plaintiff's use.

Appeal from Montmorency, Philip J. Glennie, J.
Submitted Division 3 December 4, 1969, at Grand
Rapids. (Docket No. 6,741.) Decided April 27,
1970. Rehearing denied June 8, 1970.

Complaint by Carroll E. Jones and Mary Jones
against Stanley Keetch and Jeanne Keetch for neg-
ligence and breach of implied warranty in the
collapse of a chair. Directed verdict for defendants.
Plaintiffs appeal. Affirmed on breach of implied
warranty. Reversed and remanded on negligence.

*Cicinelli, Mossner, Majoros, Harrigan & Alexan-
der,* for plaintiffs.

*Neal, Keil, Jakeway & Frazenbaker,* for defend-
ants.

Before: J. H. GILLIS, P. J., and McGREGOR and
QUINN, JJ.

McGREGOR, J. This suit was commenced in circuit
court, a jury trial demanded, and relief was sought
under the theories of negligence and implied war-
ranties for injuries sustained.

With a group of co-workers, plaintiff Carroll E.
Jones rented several rooms in a motel from the

defendants. While this group was in one of the motel rooms playing cards, the chair on which plaintiff Carroll E. Jones was seated collapsed and he injured his back in the resulting fall.

Defendants denied the allegations of liability and contended that Mrs. Keetch made daily rounds of the motel rooms for the purpose of cleaning and sweeping and that, during these rounds, she had occasion to notice loose chairs and tighten the same with tools which she carried with her. In addition, periodic inspections were made of all the motel rooms, usually about twice a year, for any deterioration or breakage of the equipment. The broken chair in question was not introduced in evidence, since it had been disposed of by the defendants, apparently without any intention of destroying it as evidence.

After plaintiffs had presented their case and rested, defendants advised the trial court that, since both defendants had testified during plaintiffs' presentation, they had no further testimony to offer, and rested. Defense counsel moved for a directed verdict of no cause of action and the motion was granted.

On appeal, plaintiffs allege that an implied warranty of fitness for purposes intended was breached by the defendants. *Piercefield* v. *Remington Arms Company, Inc.* (1965), 375 Mich 85.

In this case we are not dealing with a product which was sold, as in *Piercefield, supra,* but rather with a piece of equipment, a chattel rented to the plaintiff Carroll E. Jones and other members of the public for use during their stay in a motel. We know of no Michigan case which has extended warranty of fitness into this area, and we choose not to so extend it at this time.

Plaintiffs contend further that they are entitled to jury consideration on the issue of negligence. This Court recognizes that negligence is rarely provable directly, but is a conclusion drawn from operative facts presented at trial. *Barnowsky* v. *Helson* (1891), 89 Mich 523; *Patrick* v. *Pulte-Strang, Inc.* (1967), 8 Mich App 487. Plaintiffs' evidence showed that the chair was used in a reasonable, normal manner and that, without forewarning, the chair suddenly collapsed. Carroll E. Jones testified that he was sitting on the chair in a normal fashion, that the chair was not tilted or abused in any way, and that it suddenly collapsed.

In *Muylaert* v. *Erickson* (1969), 16 Mich App 167, Oscar F. Muylaert was injured when he fell from a ladder owned by the defendant while helping to paint defendant's house. The ladder was destroyed shortly after the accident, precluding plaintiffs from producing it at trial and precluding any examination which might have disclosed the defect and led to a determination of whether such defect was discernible by the defendant in the exercise of reasonable care. At pages 171, 172, the Court said:

"Without deciding whether defendant destroyed the ladder for the purpose of destroying evidence, the fact is that plaintiff's inability to produce the ladder was due to defendant's act and this act may not operate to plaintiff's detriment. We are thus not constrained to withdraw from the jury on the basis of insufficient evidence the question of whether defendant exercised ordinary care and prudence to render the ladder reasonably safe for plaintiff's use."

The present record discloses testimony by Carroll E. Jones that he informed the defendants that the chair had been broken and that he (Jones) expressed concern to the defendants about aggravation of

prior back injury. The destruction of the chair thereafter by the defendants makes the language quoted above from *Muylaert, supra,* particularly applicable to the case at bar. We hold that plaintiffs were entitled to go to the jury on the issue of defendants' negligence.

We have re-examined *Rose* v. *McMahon* (1968), 10 Mich App 104, cited as controlling by defendants, and find it to be inapposite. A chair in a barroom is not analogous to the ladder in *Muylaert* nor to the motel chair in the instant case.

Reversed and remanded for new trial on the theory of negligence. Affirmed as to the theory of implied warranty. Costs to plaintiffs.

All concurred.