JONES v KEETCH

Opinion of the Court

1. Bailment—Leases—Chattels—Latent Defect—Implied War-
RANTY.

Generally, in the absence of an agreement to the contrary, the
bailor of a chattel to be used by the bailee for a particular
purpose known to the bailor, impliedly warrants the reasonable
suitability of the chattel for the bailee's known intended use of
it; the implied warranty is said to be raised by the delivery of
the chattel to the bailee, where the quality or fitness of the
article for the use specified is not visible and the defect is not
discernible by an ordinary observer; as a warranty against
defects it has been said to extend to such faults and defects as
would entirely prevent the contemplated use and enjoyment of
the bailment, or render it dangerous, but not to those which
would merely diminish its convenience and appropriateness for
the use designed and it matters not that the chattel comes to
the possession of the plaintiff either as lessee or bailee.

2. Innkeepers—Defective Equipment—Chair—Implied Warranty.

Plaintiffs, husband and wife, are entitled to trial on theory of
breach of an implied warranty of fitness for intended use where
the rear legs of a chair, owned and provided for their patrons
by operators of a motel at which the husband was staying,
collapsed, causing the husband to fall on his fundament and
suffer a ruptured disc.

3. Appeal and Error—Bypass Appeal—Court Rules.

Court rule providing for leave to bypass the Court of Appeals sets
forth no time limit for filing of application thereunder except

References for Points in Headnotes
[1] 8 Am Jur 2d, Bailments §§ 143–146.
[2] 40 Am Jur 2d, Hotels, Motels, and Restaurants §§ 87–106.
[3, 4] 5 Am Jur 2d, Appeal and Error § 11 *et seq.*
[5, 6] 20 Am Jur 2d, Courts §§ 82–86.
[7] 5 Am Jur 2d, Appeal and Error §§ 744–759.

that the same must be filed "within 30 days after filing of the claim of appeal" (GCR 1963, 852).

4. Appeal and Error—Supreme Court.

The Michigan Supreme Court may review *any* decision of a subordinate Michigan court which, *final adjudication being absent,* a party seeks to review upon application submitted in accordance with its established rules.

5. Judgment—Orders—Supreme Court—Constitutional Law—Court Rules.

Pursuant to the judicial article of the Michigan Constitution, the Michigan Supreme Court adopted a rule providing that the Supreme Court *may at any time* give any judgment and make any order which ought to have been given or made (Const 1963, art 6; GCR 1963, 865).

6. Appeal and Error—Supreme Court—Court of Appeals—Court Rules.

Notwithstanding the constraints of rules and practices otherwise applicable, the Michigan Supreme Court has generally maintained its power to do whatever needs to be done in a particular case in order to achieve ultimate justice; remedial powers reflecting this attitude now have been made applicable to appellate proceedings in the Court of Appeals by a court rule (GCR 1963, 820, 826).

Dissenting Opinion

Adams and T. E. Brennan, JJ.

See headnote 9.

7. Appeal and Error—Appeal to Supreme Court—Court of Appeals' Decision—Estoppel—Law of Case.

*Plaintiffs' election to accept a decision of the Michigan Court of Appeals, remanding the case for a new trial on the theory of negligence, and return to the trial court for a new trial on that theory estopped them from raising the issue of implied warranty of fitness upon grant of leave to appeal to the Michigan Supreme Court prior to decision of the Court of Appeals from a judgment of no cause of action at the second trial because their failure to apply to the Supreme Court for leave to appeal from the decision of the Court of Appeals rendered the decision of that Court, declining to extend the law of implied warranty of fitness to equipment rented to one of the plaintiffs for use during his stay in a motel, the law of the case.*

Dissenting Opinion

T. G. Kavanagh, J.

8. Landlord and Tenant—Warranty—Implied Warranty.
  *Michigan law regarding breach of implied warranty should be extended to include rental property.*

9. Appeal and Error—Appeal to Supreme Court—Timely Appeal—Law of Case.
  *Plaintiffs' appeal from a decision of the Michigan Court of Appeals was not timely brought and should be dismissed because it was not brought within six months from that decision as required by a court rule; therefore the Court of Appeals decision affirming the trial court's direction of a verdict on a breach of implied warranty count operates as the law of the case (GCR 1963, 853.2[3]).*

Appeal from Montmorency, Philip J. Glennie, J., and from Court of Appeals prior to decision. Submitted May 2, 1972. (No. 6 May Term 1972, Docket No. 52,281.) Decided August 30, 1972. Rehearing denied October 31, 1972.

Complaint by Carroll E. Jones and Mary Jones against Stanley Keetch and Jeanne Keetch for damages for negligence and breach of implied warranty. Judgment for defendants. Plaintiffs appealed to the Court of Appeals. Affirmed as to breach of implied warranty; reversed and remanded as to negligence. Judgment for defendants. Plaintiffs appealed to the Court of Appeals and applied to the Supreme Court for leave to appeal prior to decision by the Court of Appeals. Leave granted. Reversed and remanded for trial.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiffs.

*Robert P. Keil,* for defendants.

Black, J. This case involves what is claimed to have been a defective chair. The chair was owned

and provided for their patrons by the defendant motel operators. With several fellow-workers plaintiff Carroll E. Jones was staying at the motel. At end of the workday four of the crew started to play pinochle in one of the rented rooms. They sat around "something like a tea table". After some 20 to 30 minutes of playing the rear legs of Mr. Jones' chair collapsed, causing him to fall on his fundament and suffer a ruptured disc. The injury necessitated a spinal fusion.

Plaintiffs, husband and wife, sued the defendants on two theories: (a) negligence and (b) breach of an implied warranty of fitness for intended use. The first trial resulted in a directed verdict and entry of judgment for defendants. Plaintiffs reviewed, with result shown by an opinion of Division 3 (23 Mich App 338 [1970]); that of retrial of plaintiffs' claim of negligence and denial of plaintiffs' claimed right to recover upon their charge of breach of an implied warranty.

The second trial resulted in a no cause verdict and entry of a second judgment for defendants. Upon second review plaintiffs successfully applied for bypass, pursuant to GCR 1963, 852 (384 Mich 837).

The sole reviewable question readily appears in the opinion of Division 3. It is whether upon due pleading and submission of supporting proof plaintiffs may recover for breach of an implied warranty of fitness, such as they contended for during and since the first trial. Division 3 rightly found that no Michigan case has extended, directly at least, "warranty of fitness into this area". The Judges concluded that "we choose not to so extend it at this time." (23 Mich App 340.) However, upon present review, we have decided that this is an appropriate case for alignment of Michigan with

the general rule of the common law, set forth in 8
Am Jur 2d, Bailments, "§ 144. Implied warranty of
fitness.", pp 1039–1040:

"It is the general rule that, in the absence of an
agreement to the contrary, the bailor of a chattel to be
used by the bailee for a particular purpose known to
the bailor, impliedly warrants the reasonable suitability
of the chattel for the bailee's known intended use of it.
The rule of implied warranty has been adopted by
statute in some jurisdictions. The implied warranty is
said to be raised by the delivery of the chattel to the
bailee, where the quality or fitness of the article for the
use specified is not visible and the defect is not discerni-
ble by an ordinary observer. As a warranty against
defects it has been said to extend to such faults and
defects as would entirely prevent the contemplated use
and enjoyment of the bailment, or render it dangerous,
but not to those which would merely diminish its
convenience and appropriateness for the use
designed." [1]

The quoted text lists a number of decisions and
ALR annotations which, upon examination, tend
clearly to support the stated general rule. The
latest of these annotations appears in 68 ALR2d,
pp 850 *et seq.:*

"§ 4. *Implied warranty of suitability for known in-
tended use.*

"It appears to be the general rule that, in the absence
of an agreement to the contrary, the lessor of a chattel
to be used by the lessee for a particular purpose known
to the lessor impliedly warrants the reasonable suitabil-
ity of the chattel for the lessee's known intended use of
it." (p 854.)

Plaintiffs' counsel call attention to *Schnitzer v*

---

[1] The earlier rule reported by American Jurisprudence appears in 6
Am Jur, Bailments, p 308: *"§ 192. Bailor's Liability in Tort, Arising
from Defects in Chattel."*

*Nixon and Heath, d/b/a Cavalier Manor Motel,*
439 F2d 940 (CA 4, 1971) saying that its facts and
reasoning are on all fours. We agree, adding only
that in the specific circumstances presented both
here and in *Schnitzer,* it matters not that the
chattel comes to the possession of the plaintiff
either as lessee or bailee. The general rule to be
applied is the same, absent any one of its known
exceptions. *Schnitzer* concludes (p 942):

"These antecedents considered, we have no hesitancy
in declaring the plaintiff entitled to succeed in Virginia
on an implied warranty, negligence aside. It is but a
fair placement of the innkeeper's responsibility to a
guest under his roof."

Upon strength of the stated general rule and the
reasoning of the Fourth Circuit. I vote to reverse
and remand for trial of plaintiffs' theory of recov-
ery upon warranty.

I would so order, with award of costs of all
courts to plaintiffs.

*SUPPLEMENT* (August 24, 1972).

This Rule 852 appeal was duly assigned to the
writer in accordance with our practice. It was
submitted May 2, 1972. The foregoing opinion
dealing with the reviewed merits, was delivered to
the other Justices June 7. July 11 Justice ADAMS
submitted his opinion *(post* 177) for affirmance.
July 20 Justice T. G. KAVANAGH submitted his
opinion *(post* 180) for dismissal of the appeal. July
26, being judgment day for and upon submitted
opinions, Justice T. E. BRENNAN held up the
Court's decision for study and possible further
writing. There being no such additional writing to
date, I have decided by this supplement to respond
to the opinions submitted July 11 and July 20.

The two opinions turn upon dual allegation (a) that plaintiffs' appeal to this Court came too late under GCR 1963, 853.2(3); upon dual allegation (b) that the opinion and judgment of the Court of Appeals on first appeal to that Court (23 Mich App 338) became "the law of the case",[2] and (c) upon allegation (Justice ADAMS only) that plaintiffs, by election *not* to apply for leave to review the cited judgment of the Court of Appeals, thereby chose "to accept the decision of the Court of Appeals". The Justice writes that that choice "estopped the plaintiffs from raising the issue of implied warranty * * * ." (Let this last stand, naked and innocently shameless before all counsel who now must decide—at pain of estoppel—whether they should make prompt application for leave to review every aggrieving interlocutory order or judgment of the circuit court or of the Court of Appeals.)

*First:* Just how may GCR 1963, 853.2(3) be applied in bar of the instant appeal? No application under that rule, delayed or otherwise, has been made by any party throughout the history of this case. Plaintiffs have sought instead, properly and successfully thus far, leave for bypass of the Court of Appeals under preceding GCR 1963, 852. That rule sets forth no time limit for filing of application thereunder except that same must be filed "within 30 days after filing of the claim of appeal" (GCR 1963, 852.2[1]). *Plaintiffs certainly did so file, on time.*

May 7, 1971 our order granting plaintiffs' application for bypass was entered (384 Mich 837). The

---

[2] No authority for this curious proposition is cited in either opinion. If there is any such authority in Michigan now that we have two appellate Courts rather than one, it seems to have escaped all of us; including that great retinue of full time and altogether able research clerks our majority has hired.

Court's action was *unanimous* and done in the face of defendants' unsupported objection that plaintiffs should have attempted to appeal the first time and, having failed so to do, were estopped to apply for bypass. Our conferential minutes read (May 3, 1971; Re *Jones v Keetch):*

"Motion by Justice BLACK, supported by Justice WIL-LIAMS, that application for leave to appeal to this Court prior to decision by the Court of Appeals be granted. Motion carried."

Although the purely procedural question Justices ADAMS and T. G. KAVANAGH have considered in bar of the meritorious question was raised by the defendants in opposition to plaintiffs' application for bypass, the Court thought so little of it that no discussion thereof took place during the Court's conference on May 3, 1971. Instead, we concerned ourselves with the advisability of reviewing the warranty question *presently,* rather than holding a much delayed case over for—possibly or probably—another "we choose not to so extend it *at this time*"[3] provisional opinion by the Court of Appeals. Further, in the precedently submitted report to us by the assigned Supreme Court Commissioner, the question thus advanced was disposed of as follows:

"It by no means follows that our Court of Appeals would again come to the same conclusion in view of the growing body of cases. Defendants point out that the plaintiffs could have appealed from 23 Mich App 338 instead of accepting another trial based on negligence

[3] "[A]t this time" was April 27, 1970 (rehearing denied June 8, 1970). *Schnitzer v Nixon, supra,* was decided March 19, 1971. Commissioner Planck may have been right, after all, when he said that "[i]t by no means follows that our Court of Appeals would again come to the same conclusion *in view of the growing body of cases.*"

theory only. That does not count against them now. I
see no need for by-pass."

My memorandum to the Court dated March 26,
1971, and notes made upon return to the office
from that May 1971 session of the Court, show
that we disagreed *only* with Commissioner
Planck's view that the Court of Appeals, should it
be left in charge of the then pending appeal
thereto, probably would conclude *differently* upon
further consideration of the meritorious question.
In opposition to that view I suggested by memo to
the Court that "[t]wo trials of a case like this
really ought to be enough without having had the
controlling question definitely settled" and that
"[a]nother panel probably would conclude as be-
fore, * * * ." The result was our unitary order for
grant of bypass. Nonetheless, two Justices voting
to enter that order say now, more than a year
later, that we had no power so to do, GCR 1963,
853 considered. This surely means "no jurisdic-
tion", as "jurisdiction" is known here moderne by
*People v Holbrook,* 373 Mich 94 (1964) and *Hol-
brook's* painful explainer, *People v Carter,* 379
Mich 24 (1967), both per ADAMS, J.

*Second:* The named Brethren aver that the
Court of Appeals, having ruled that "[w]e know of
no Michigan case which has extended warranty of
fitness into this area, and we choose not to so
extend it at this time" (23 Mich App 338, 340), has
thereby written "the law of the case". They offer
no authority for this newfound vagary, that the
"law of the case" can be made by a *subordinate*
court of Michigan in bar of review of that "law"
by this Court; a Court which may—and in this
case has—granted review thereof. Right here, with
utmost respect and deference, I frame square issue
with the Brethren in twinship.

Depending upon the distinctives of constitutional provisions and procedural laws and rules in effect elsewhere, authority can be found both ways for holding that the "law of the case", declared once by a subordinate court on first appeal thereto, is (or is not) upon second or additional review binding upon the highest Court of the given state. See annotation, *First decision of intermediate court as law of case on appeal to court of last resort from subsequent decision,* 118 ALR 1286, annotating what to me is (if indeed authority is needed) the decisive precedent for Michigan; our judicial article (Const 1963, art 6) considered along with RJA 212, 215, 217, 219, 223 (MCLA 600.212 *et seq.;* MSA 27A.212 *et seq.)* and our established rules of Court, particularly GCR 1963, 865.[4]

The case annotated in ALR, cited above, is *New York Life Ins Co v Hosbrook,* 130 Ohio St 101; 196 NE 888 (1935), overruling the *Gohman* case, cited by quotation below.[5] The Supreme Court of Ohio, paralleling in particular *this* Court's constitutional authority as regards the adjective law of our state, ruled:

"Counsel for both sides have presented and at some length have argued to this court the doctrine commonly known as 'the law of the case.' Plaintiff in error contends that the first and second propositions of the syllabus in *Gohman v City of St Bernard,* 111 Ohio St 726, 146 NE 291, 41 ALR 1057 [1924], are not sound law

[4] This rule dates back 41 years. It entered by the 1931 revision of Michigan Court Rules as No 79. Then, by the revision of 1945, it became Court Rule 72. Now it is cited as GCR 1963, 865.

[5] *Hosbrook* was followed most recently in Ohio by *Ross v Cincinnati Transit Co,* 105 Ohio App 327; 148 NE2d 84 (1957). For those desiring research in depth, outside Michigan, reference is made to the subsequent annotation, *Erroneous decision as law of the case on subsequent appellate review* (87 ALR2d 271), plus cases found in ALR 2d Later Case Service, Vol 6, pp 666–668. The weight of authority, naturally, lies with the manifest sense of Ohio's view.

and should be overruled. With equal vigor, counsel for defendant in error insists that those paragraphs should be sustained. The question is thus presented. On the second rehearing, the appellate court, in affirming the second verdict and judgment, in its opinion, said: 'The second trial was had in substantial conformity with the former decision of this court. The doctrine of the law of the case is therefore applicable, and pursuant to it the judgment will not be disturbed. *Gohman v City of St Bernard,* 111 Ohio St 726 [146 NE 291; 41 ALR 1057].' The procedural doctrine announced in *Gohman v City of St Bernard, supra,* is not consonant with the principles of judicial procedure upheld not only in Ohio, but by the United States Supreme Court, as shown by those cases reported on pages 760 and 769 of the dissenting opinion in 111 Ohio St, 146 NE on pages 301 and 303. The claim that an erroneous declaration of the law pronounced by an inferior court can forestall review by our state Supreme Court rests upon a doctrine which is repugnant not only to our established judicial system providing for a Supreme Court as the last court of review, but also to section 2, article IV, of our State Constitution, which expressly empowers the Supreme Court with authority to 'review, and affirm, modify or reverse the judgment of the court of appeals.' The propositions of law announced in the first and second paragraphs of the syllabus in *Gohman v City of St Bernard, supra,* are overruled." (Quotation from Northeastern Reporter.)

This is the rule in New York State. See discussion and citation with respect to that state's view in the first mentioned ALR annotation (118 ALR at 1288), and *Walker v Gerli,* 257 App Div 249; 12 NYS2d 942, 945 (1939) from which last the following is taken:

"The law of the case, like the principle of stare decisis, is a rule of comity or convenience. *Luminous Unit Co v Freeman-Sweet Co,* 7 Cir, 3 F2d 577 [1924]. *Since from its very nature, it involves the effect of orders which are interlocutory, it must be distinguished*

*from res adjudicata. Bannon v Bannon,* 270 NY 484; 1 NE2d 975; 105 ALR 1401 [1936]. Accordingly, its effect is limited to a court of coordinate jurisdiction which ordinarily should not disregard an earlier decision on the same question in the same case. Compare, *Cluff v Day,* 141 NY 580; 36 NE 182 [1894]. *The rule does not apply in a court which is required to review the later order on appeal and which, therefore, ought not to be concluded by an earlier decision, interlocutory in character, made by a court of subordinate jurisdiction from which no appeal was taken. Messinger v Anderson,* 225 US 436; 32 S Ct 739; 56 L Ed 1152 [1912]; *Brown v Tourtelotte,* 24 Colo 204; 50 P 195 [1897]. No decision of the Court of Appeals to which our attention is directed holds otherwise.

*   *   *

"To hold otherwise would preclude a plaintiff, who has stated a complete cause of action against the individual defendants which he may be able to sustain by proof, from ever recovering from them. This would inevitably follow if an earlier order of the Special Term dismissing the complaint were binding even in an appellate court whenever thereafter the question of its sufficiency was presented. Since the Special Term would always be required to adhere to the earlier decision, however erroneous it might be, and since every appellate court would likewise be precluded from consideration of that question, *such a plaintiff would suffer all the consequences of a final judgment in favor of the defendant.* See Note, 'The Law of the Case,' XLII Harvard Law Review, page 938; *United States Annuity & Life Ins Co v Peak,* 129 Ark 43; 195 SW 392; 1 ALR 1267 [1917]; *McGovern v Kraus,* 200 Wis 64; 227 NW 300, 67 ALR 1390 [1929]." (Emphasis supplied by present writer.)

But I do not and need not rest decision upon views held elsewhere. Here in Michigan we have settled—procedurally upon the very nub of present discussion—that this really is a Supreme Court; one that may review *any* decision of a subordinate Michigan court which, *final adjudication being*

*absent,* a party seeks to review upon application submitted in accordance with our established rules. That has been done here. All here have voted to review the question of recovery upon warranty. Authority so to do has been supplied by the judicial article. Pursuant thereto we have adopted a rule providing that this Court *may at any time* give any judgment and make any order which ought to have been given or made. To say in the face of all this that the first appeal to the Court of Appeals resulted finally in "law of the case"—that plaintiffs may not recover in warranty —is to say that this constitutionally assigned Supreme Court is powerless to review such "law"; hence is powerless to affirm or reverse any judgment below that is based thereon.

By their opinions aforesaid, and unless those opinions are amended, adjusted, or withdrawn hereafter rather than supplemented, Justices Adams and T. G. Kavanagh will have recognized expressly—of record—that recovery upon plaintiffs' theory of breach of warranty should have been permitted by the Court of Appeals when that Court reversed and remanded for retrial on April 27, 1970. Our conclusion should be, but per 1971–72 cozy custom probably will not be, that this is enough to call for judgment of reversal and remand for trial of the stated issue.

*To Conclude:*

What Justices T. G. Kavanagh and Adams stand for, as above, deserves firm majority support or firm majority disavowal. The Court owes to the profession, and most certainly to the trial bench, a clear declaration either:

(a) That failure to make timely application for review of an *interlocutory* determination, made by

order or judgment filed or entered either by the circuit court or the Court of Appeals, renders that determination the law of the case, or

(b) That the constitutional power of this Court to *review,* what it has decided to *review* under GCR 1963, 852, remains intact and undisturbed by *any* of the limitational periods that are set forth in *any* of our rules of Court.

Authors Honigman and Hawkins under GCR 1963, 820 ("Miscellaneous Relief Obtainable in Court of Appeals") have summed up appropriately that which characterizes this Court's position in present regard (6 Michigan Court Rules Annotated [2d ed] p 213):

> "Notwithstanding the constraints of rules and practices otherwise applicable, the Michigan Supreme Court has generally maintained its power to do whatever needs to be done in a particular case in order to achieve ultimate justice. Remedial powers reflecting this attitude were set forth in former Rule 72 and now have been made applicable to appellate proceedings in the Court of Appeals by Rule 820, as amended, effective January 1, 1965." [6]

T. M. KAVANAGH, C. J., and SWAINSON and WILLIAMS, JJ., concurred in original opinion and the result of the supplement by BLACK, J.

ADAMS, J. *(dissenting).* Plaintiff Carroll E. Jones was injured on March 7, 1966. Plaintiffs' suit was filed December 23, 1966. The case was tried before the court and a jury in October, 1968. At the conclusion of all the evidence, defendants moved for a directed verdict of no cause for action. The court granted the motion. Motion for new trial,

---

[6] Direct reference by the same authors was made to this under GCR 1963, 865 ("Miscellaneous Relief Obtainable in Supreme Court"), 6 Michigan Court Rules Annotated (2d ed), pp 297–298.

filed on November 7, 1968, was denied on December 9, 1968.

The case was appealed to the Court of Appeals. A panel of that Court filed its decision on April 27, 1970. (23 Mich App 338.) The opinion of the Court of Appeals stated (p 340): "We know of no Michigan case which has extended warranty of fitness into this area, *and we choose not to so extend it at this time.*" (Emphasis added.) The Court further held that (p 342): " * * * plaintiffs were entitled to go to the jury on the issue of defendants' negligence." The case was remanded for a new trial "on the theory of negligence."

The case was again tried on October 19, 1970. The jury returned a verdict of no cause for action. On January 21, 1971, Judge Glennie denied plaintiffs' motion for new trial. He stated:

"The Court refused to submit to the jury the theory of implied warranty of fitness, and it did so on the theory that the Court was estopped and precluded from submitting this claim in view of the decision of *Jones v Keetch,* 23 Mich App 338."

Pursuant to GCR 1963, 852, application was made for leave to appeal directly to this Court. Defendants opposed the application on the ground that following the Court of Appeals' decision in April 1970, the plaintiffs should have made application for leave to appeal to this Court pursuant to GCR 1963, 853. Order granting leave to appeal was entered by this Court on May 7, 1971. (384 Mich 837.) The case was argued during the May 1972 term of this Court.

From the commencement of this case on December 23, 1966 to the present time, it has gone through two trials and various other court proceedings. To the layman the approximately five

and one-half years consumed to date may well seem appalling. Yet the fact of the matter is that this case has moved through the courts with unusual speed due to the efforts of diligent counsel on both sides, and the fact that the case was instituted in one of the smallest counties of this state with a circuit court that does not have a clogged docket and a backlog of cases.[1] Had the case been instituted in a populous county, the time taken for the proceedings to date could easily have been double.

While I agree with Justice T. G. KAVANAGH as to the question of whether plaintiffs' appeal was timely made, I would predicate decision not only on GCR 1963, 853.2(3), but on the further proposition that plaintiffs' election to accept the April 27, 1970 decision of the Court of Appeals and return to the trial court for a new trial on the theory of negligence has estopped the plaintiffs from raising the issue of implied warranty of fitness at this time.

The decision of the Court of Appeals—one-half in favor of plaintiffs and one-half in favor of defendants—confronted plaintiffs with a choice. Plaintiffs could have accepted the decision of that Court and could have taken their chances on a new trial based on the theory of negligence[2] or they could have applied to this Court for leave to appeal from the decision of the Court of Appeals. If this Court had denied such an application, the issue of implied warranty would have been settled and, absent any new error upon retrial, the second

---

[1] Montmorency County has a 1970 population of 5,247 persons and a Bar presently composed of three attorneys.

[2] Even though plaintiffs on the second trial asked the court to submit to the jury the theory of implied warranty of fitness, they knew that this theory was no longer in the case and that any conscientious trial judge would do exactly what Judge Glennie did—follow the law as determined by the appellate court.

trial would have ended the case. On the other hand, had this Court granted the application, the issue of implied warranty would have been decided by this Court prior to a second trial. Once again, upon remand from this Court to the trial court, any theory or theories upon which plaintiffs could maintain their action would have been settled. Plaintiffs elected to accept the decision of the Court of Appeals and return to the trial court for a new trial.

Plaintiffs' failure to apply to this Court for leave to appeal from the April 27, 1970 decision of the Court of Appeals, as stated by Justice T. G. KAVANAGH, rendered the decision of the Court of Appeals, as to the question of breach of implied warranty, the law of the case.

If the question of the law governing breach of implied warranty as to rental property was properly before us, I would agree with Justice BLACK. Since it is not, I vote to affirm the trial court.

Costs to defendants.

T. E. BRENNAN, J., concurred with ADAMS, J.


T. G. KAVANAGH, J. *(dissenting)*. This case presents two issues for review. 1) Whether Michigan law governing breach of implied warranty should be extended to cover rental property? 2) Whether plaintiffs' appeal was timely made? Since each issue was vigorously contested, leave to appeal was granted. This opinion addresses itself to both issues.

I agree with Justice BLACK that Michigan law regarding breach of implied warranty should be extended to include rental property. His opinion is well reasoned and articulate, and provides substantial and welcome addition to our jurispru-

dence. I can add nothing to it except my endorsement.

I agree with defendant, however, that plaintiffs' appeal is not timely brought. GCR 1963, 853.2(3) requires that an appeal to this Court must be brought within six months from the decision of the Court of Appeals. Plaintiffs did not do so. Therefore the Court of Appeals decision affirming the trial court's direction of a verdict on the breach of implied warranty count operates as the law of the case. I would dismiss the appeal.