Walter R. Hart, J.
Plaintiff moves pursuant to rule 103 of the Buies of Civil Practice for an order striking the affirmative defense interposed in the amended answer that plaintiff and defendant were fellow employees and that the accident occurred *189 in the course of their employment. It is further alleged that plaintiff’s exclusive remedy is a recourse to workmen’s compensation.
The rule provides that any matter may be stricken which is sham or frivolous or may tend to prejudice, embarrass or delay the fair trial of the action. The rule provides that on such a motion affidavits may be used to enable the court to determine whether matter contained in a pleading is sham.
In the affidavit in support of the motion plaintiff’s counsel referred to the allegations of the complaint to the effect that defendant owned a truck which he rented to plaintiff’s employer, by whom plaintiff and defendant were employed; that while plaintiff was on the truck during the course of his employment, one of the floor planks which was loose was caused to come in contact with him, causing personal injuries. The affiant further states that the defendant in an examination before trial testified that he was a mechanic employed by plaintiff’s employer. In addition, he owned two trucks purchased by him out of his own funds which were registered in his own name. These he rented to his employer on a daily basis for which he billed him weekly. He furnished no drivers but paid for gasoline, oil, insurance and other incidental expenses. Defendant by the agreement was to make the repairs and pay for the parts. He reported the receipts as his income and made deductions for his expenses, depreciation and repairs.
Hone of these facts are controverted in the affidavit submitted in opposition to the motion.
Clearly, the Workmen’s Compensation Law (§ 29, subd. 6) is inapplicable. The alleged tort charged of the defendant is independent of and not related to the common employment of both (D’Agostinio v. Wagenarr, 183 Misc. 184, affd. 268 App. Div. 912). The injection of workmen’s compensation under the circumstances would tend to prejudice a fair trial of the action.
The only opposition advanced to the motion is that it was not made within 20 days after the service of the answer as required by rule 105 of the Rules of Civil Practice. In evaluating this contention it must be noted that an order granting a prior motion for the same relief was entered pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice. This was reversed by the Appellate Division (15 A D 2d 790), the reason assigned being that the motion was supported by defendant’s testimony given during an examination and decided at Special Term on that basis. The reversal in the Appellate Division is predicated on the fact that when a plaintiff proceeds under subdivision 6 of rule 109, the sufficiency of the defense alone may *190 be considered. The order was reversed “ and motion denied, without prejudice to such further motion with respect to said defense as plaintiff may be advised. ” It is to be assumed that the Appellate Division in so providing in its decision and order was aware of the fact that the only motion available to plaintiff was under rule 103 of the Buies of Civil Practice and that at the time of the reversal more than 20 days had elapsed since the service of the amended answer. It may be further inferred that the Appellate Division did not intend to suggest a further procedural step which was futile. A copy of the order of reversal with notice of entry has not been served on the plaintiff and accordingly it is the court’s conclusion that the motion under the present circumstances has been timely made. Accordingly the motion is granted and the affirmative defense is deemed stricken.