WEBB v TRAVELERS INSURANCE COMPANY

Docket No. 78-640. Submitted February 19, 1980, at Detroit.—Decided
June 16, 1980.

   James Webb, an employee of Jay-Dee Contracting Company, was
   injured in a tunnel cave-in while cleaning a mining machine
   leased by Jay-Dee from Don Gargaro Company, Inc. At the
   time of the cave-in, Mr. Webb was standing near the machine,
   which was not equipped with an overhead shield. Mr. Webb
   and his wife, Helen Webb, brought suit in Wayne Circuit Court
   against Travelers Insurance Company for failure to make
   adequate safety inspections and against Don Gargaro Company,
   Inc., alleging product liability and implied warranty. The jury
   returned a verdict in favor of plaintiffs against Travelers,
   finding that it breached its duty to make adequate inspections,
   and in favor of Don Gargaro on the products liability claim.
   The court, William J. Giovan, J., had previously directed a
   verdict in favor of Don Gargaro on the count based on implied
   warranty. Plaintiffs appeal. *Held:*

   1. Plaintiffs complained that the jury instructions injected
   the concept of assumption of the risk in instructions on contrib-
   utory negligence. No prejudice to a plaintiff in a personal
   injury action resulted from an instruction on contributory
   negligence which injected the theory of assumption of risk
   where the jury found liability as to one defendant and no cause
   of action as to another.

   2. Plaintiffs also alleged that the trial court erred in failing
   to give to the jury their theory of the case *in toto*. A jury
   instruction must be considered in its entirety and if, on bal-
   ance, the theories of the parties and the applicable law are
   adequately and fairly presented, the Court of Appeals will not

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 810 *et seq.*
   57 Am Jur 2d, Negligence § 247 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 894.
[3] 8 Am Jur 2d (Rev), Bailments § 157.
   63 Am Jur 2d, Products Liability § 6.
   Application of warranty provisions of Uniform Commercial Code to
   bailments. 48 ALR3d 668.

find reversible error for failure to present *in toto* a party's theory of the case.

3. Liability under an implied warranty of suitability does not attach to a bailor for injuries resulting from an improper use of the bailed chattel over which the bailor had no control. The trial court did not err in directing a verdict on the implied warranty theory.

Affirmed.

1. TRIAL — NEGLIGENCE — INSTRUCTIONS TO JURY — ASSUMPTION OF RISK.

No prejudice to a plaintiff in a personal injury action resulted from an instruction on contributory negligence which injected the theory of assumption of risk where the jury found liability as to one defendant and no cause of action as to another.

2. APPEAL — INSTRUCTIONS TO JURY — THEORIES OF PARTIES — COURT RULES.

A jury instruction must be considered in its entirety and if, on balance, the theories of the parties and the applicable law are adequately and fairly presented, the Court of Appeals will not find reversible error for failure to present *in toto* a party's theory of the case (GCR 1963, 516.7[c]).

3. PRODUCTS LIABILITY — BAILMENTS — PERSONAL PROPERTY.

Liability under an implied warranty of suitability does not attach to a bailor for injuries resulting from an improper use of the bailed chattel over which the bailor had no control.

*The Jaques Admiralty Law Offices, P.C.* (by *Robert E. Swickle),* for plaintiffs.

*Ivin E. Kerr* and *Mark D. Willmarth,* for defendant Travelers.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Sharon C. Ranucci,* for defendant Don Gargaro, Inc.

Before: BASHARA, P.J., and D. F. WALSH and T. M. BURNS, JJ.

BASHARA, P.J. Plaintiff initiated this suit to recover for injuries sustained as a result of a cave-

in which occurred in a tunnel where he was working. A jury returned a verdict in favor of plaintiff against defendant Travelers Insurance Company based on a finding that Travelers breached its duty to make adequate safety inspections. In a products liability suit against defendant Don Gargaro Company, Inc., based on negligence, the jury found no cause of action. The trial court had previously directed a verdict in favor of Don Gargaro in a count based on implied warranty.

Plaintiff was an employee of the Jay-Dee Contracting Company, which was constructing a tunnel for the State of Michigan. At the time of the accident, plaintiff was assigned to clean a certain Scott mining machine which had been leased by Jay-Dee from Don Gargaro. The machine was not in operation due to a broken blade in the cutting cylinder. Plaintiff was injured when he was struck by a large piece of mud when the tunnel caved in. Plaintiff was standing near the machine, which was not equipped with an overhead shield.

On appeal, plaintiff raises several issues relating to both procedural and substantive aspects of the trial below. (Further facts will be provided as required to develop these issues.)

Plaintiff first contends that the trial court erred by injecting the theory of assumption of risk in its charge to the jury on contributory negligence.[1]

Michigan no longer subscribes to the doctrine of assumption of risk. *Felgner v Anderson*, 375 Mich 23; 133 NW2d 136 (1965). Consequently, it must not be used as a corollary of or a supplement to contributory negligence. *Felgner v Anderson, supra*, 56.

We have examined the lower court's charge and

---

[1] Both defendants had claimed that plaintiff was contributorially negligent in working in an area of the tunnel close by the machine.

find that it closely parallels the Michigan Standard Jury Instructions with respect to contributory negligence, as set forth in SJI 21.02. Moreover, in the case *sub judice,* liability was determined in favor of plaintiff as against Travelers. In order to reach this result, the jury must necessarily have found that plaintiff was not contributorially negligent.

The fact that the jury found no cause of action against Don Gargaro does not militate against this conclusion. Our examination of the jury instructions regarding contributory negligence indicates that the court gave the same instruction as to both defendants. The jury was never informed that plaintiff might be contributorially negligent with respect to one defendant and not the other. We are, therefore, unable to find any prejudice resulting to plaintiff and conclude that this argument is without merit. *Moore v Spangler,* 401 Mich 360; 258 NW2d 34 (1977).

Plaintiff next argues that the lower court erred by failing to present his theory of the case *in toto.*

This Court will not disturb a lower court's jury charge where, considered in its entirety, the party's theory and the applicable law are adequately and fairly presented. *Berlin v Snyder,* 89 Mich App 38; 279 NW2d 322 (1978), *Jones v Morgan,* 58 Mich App 455; 228 NW2d 419 (1975), *lv den* 394 Mich 775 (1975).

GCR 516.7(c) further provides that a court is required only to present the material substance of a party's theory.

Our examination of the record indicates that GCR 516.7(c) was complied with and, hence, we find no error.

Plaintiff finally contends that the trial court

erred in directing a verdict in favor of defendant Don Gargaro as to the products liability claim based on a breach of an implied warranty.

The record reveals unrebutted testimony that plaintiff's employer, Jay-Dee Contractors, was extremely familiar with various types of mining machines. Jay-Dee's vice president testified that his company had requested and leased a specific machine from Gargaro. There was no discussion between Jay-Dee and Gargaro as to the specific use for the machine.

There is no allegation that the machine malfunctioned, or that it did not perform the function for which it was designed. Plaintiff's theory is that the machine was defective because it was not equipped with an overhead shield. That no shield was attached was open and obvious. That a dangerous condition may have existed because of the use to which Jay-Dee put the machine is certainly open to question.

However, Gargaro stood, at best, in the position of bailor under the facts of this case. The trial judge correctly relied on the case of *Jones v Keetch,* 388 Mich 164, 168; 200 NW2d 227 (1972), wherein the Court, quoting from 8 Am Jur 2d, Bailments, § 144, pp 1039-1040, stated:

"It is the general rule that, in the absence of an agreement to the contrary, the bailor of a chattel to be used by the bailee for a particular purpose known to the bailor, impliedly warrants the reasonable suitability of the chattel for the bailee's known intended use of it. The rule of implied warranty has been adopted by statute in some jurisdictions. The implied warranty is said to be raised by the delivery of the chattel to the bailee, where the quality or fitness of the article for the use specified in not visible and the defect is not discernible by an ordinary observer."

The case of *Campo v Scofield,* 301 NY 468; 95 NE2d 802 (1950), is frequently cited for the proposition that recovery on the theory of negligent design is severely limited where the danger is patent or obvious. While that citation has some limited application to the case at bar, the danger was not in the design or functioning of the machine but the use to which it was put. It is safe to conclude that, where a bailor leases a machine to a bailee and injury results, liability cannot attach to the bailor as a result of an improper use over which the bailor has no control.

Affirmed. Costs in favor of defendants.