## ROBARDS v ESTATE OF LEOPOLD J KANTZLER

Docket No. 78-4072. Submitted March 11, 1980, at Lansing.—Decided July 1, 1980.

Willard Robards, hereinafter plaintiff, was employed at International Mill & Timber Co., a closely held corporation whose sole officer and shareholder was Leopold J. Kantzler, since deceased. Plaintiff was severely injured when his hand became ensnared in a machine he was operating while in the course of his employment. This machine was personally owned by Mr. Kantzler and leased to the corporation. Following the accident, plaintiff began receiving workmen's compensation benefits from the company's insurer. Subsequently, plaintiff filed a products liability action in Bay Circuit Court against the estate of Leopold J. Kantzler, hereinafter defendant, claiming the machine lacked adequate safety devices and warnings. Defendant moved for accelerated judgment claiming that plaintiff's action was barred by the Workmen's Compensation Act. Leon R. Dardas, J., granted accelerated judgment to defendant, holding that the plaintiff's exclusive remedy was under the workmen's compensation act. Plaintiff appeals. *Held:*

1. A court must accept well-pleaded facts of the nonmoving party as true for purposes of a motion for accelerated judgment.

2. A corporate entity will be disregarded only where fraud, sham or other improper use of the corporate form is established.

3. The "dual capacity doctrine" of the workmen's compensation law permits an employee to state a claim against an employer where the employer occupies a second capacity that confers upon him obligations independent of those imposed on him as the employer.

4. The coemployee immunity provision of the workmen's

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

[2] 18 Am Jur 2d, Corporations §§ 14, 15.

[3] 81 Am Jur 2d, Workmen's Compensation § 50 *et seq.*

[4, 5] 81 Am Jur 2d, Workmen's Compensation § 67.

Right to maintain action against fellow employee for injury or death covered by workmen's compensation. 21 ALR3d 845.

compensation law requires that both employees must be acting in the course of their employment at the time the injury occurred.

5. The leasing of a machine by an employee to the employer corporation does not constitute "acting in the course of employment" and the employee leasing the machine is subject to the same liabilities for injuries to a coemployee as any lessor who provides an allegedly defective product.

6. The Workmen's Compensation Act does not bar the plaintiff's claim against the defendant.

Reversed and remanded.

1. MOTIONS AND ORDERS — ACCELERATED JUDGMENTS.

A court must accept well-pleaded facts of the nonmoving party as true for purposes of a motion for accelerated judgment.

2. CORPORATIONS — PIERCING THE CORPORATE VEIL.

A corporate entity will be disregarded only where fraud, sham or other improper use of the corporate form is established.

3. WORKER'S COMPENSATION — DUAL CAPACITY DOCTRINE.

The "dual capacity doctrine" of the Workmen's Compensation Act permits an employee to state a claim against an employer where the employer occupies a second capacity that confers upon him obligations independent of those imposed on him as the employer.

4. WORKER'S COMPENSATION — IMMUNITY — CO-EMPLOYEES — STATUTES.

The coemployee immunity provision of the Workmen's Compensation Act requires that both employees must be acting in the course of their employment at the time the injury occurred (MCL 418.827[1]; MSA 17.237[827][1]).

5. CORPORATIONS — EMPLOYEES — LEASING — DEFECTIVE MACHINE — LIABILITY.

The leasing of a machine by an employee to the employer corporation does not constitute "acting in the course of employment" and the employee leasing the machine is subject to the same liabilities for injuries to a coemployee as any lessor who provides an allegedly defective product.

*James S. Miner, II,* for plaintiff.

*Learman, Peters & Sarow* (by *John J. Mc-Quillan),* for defendant.

Before: MacKenzie, P.J., and Bashara and D. C. Riley, JJ.

Bashara, J. This case presents an issue of first impression in this state. Does the dual capacity doctrine permit an employee, injured in the course of his employment by a machine leased to the employer by a fellow employee, to state a claim otherwise barred by the exclusive remedy and coemployee immunity provisions of the Workmen's Compensation Act (hereinafter the Act)? MCL 418.131; MSA 17.237(131), MCL 418.827; MSA 17.237(827). The trial court held that plaintiff-employee's exclusive remedy was under the Act and granted accelerated judgment in favor of defendant. GCR 1963, 116.1(5).

The court must accept well-pleaded facts of the nonmoving party as true for purposes of a motion for accelerated judgment. *Empire Shoe Service, Inc v Gershenson,* 62 Mich App 221, 224; 233 NW2d 237 (1975). Our review of the pleadings indicate that plaintiff was employed at International Mill & Timber Co. The company was a closely held corporation whose sole officer and shareholder was Leopold J. Kantzler, since deceased. While plaintiff was in the course of his employment, he was severely injured when his hand became ensnared in a machine which he was operating. This machine was personally owned by Mr. Kantzler and leased to the corporation.

As a result of the accident, plaintiff began receiving workmen's compensation benefits from the company's insurer. Plaintiff filed this products liability action against Mr. Kantzler's estate,

claiming the machine lacked adequate safety devices and warnings.

Defendant immediately moved for accelerated judgment on the grounds that plaintiff's action was barred by the Act. Defendant argued that since Mr. Kantzler was plaintiff's employer and coemployee, the exclusive remedy and coemployee immunity provisions of the Act precluded plaintiff from maintaining this suit.

Plaintiff argues that he was not suing Mr. Kantzler in his capacity as employer but rather in his capacity as individual owner and lessor of the machine. Plaintiff claimed that, as an individual, Mr. Kantzler stood in the shoes of a third party and was therefore liable under the Act. The trial judge ruled that individual ownership did not provide an independent basis of liability. We find that neither MCL 418.131; MSA 17.237(131) nor MCL 418.827(1); MSA 17.237(827)(1) precludes plaintiff's action and, accordingly, reverse.

Section 131 provides:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer." MCL 418.131; MSA 17.237(131).

In order for § 131 to bar plaintiff's action, the lower court must have determined that Mr. Kantzler was plaintiff's employer. The record clearly establishes that plaintiff's employer was International Mill & Timber Co. The corporation was a distinct legal entity from Leopold Kantzler as an individual. A contrary finding would require us to "pierce the corporate veil". Only where fraud, sham or other improper use of the corporate form is established will the corporate entity be disregarded. *Williams v American Title Ins Co,* 83 Mich

App 686; 269 NW2d 481 (1978); 7 Michigan Law & Practice, Corporations, § 5, p 19. We find that the ends of justice will not be served by disregarding the corporate entity in order to shield defendant from liability.

Essentially, plaintiff's argument is based on the "dual capacity doctrine". This principle permits an employee to state a claim against an employer where the employer occupies a second capacity that confers upon him obligations independent of those imposed on him as employer. See 2A Larson, The Law of Workmen's Compensation, § 72.80, p 14-112. Professor Larson states:

"The decisive dual-capacity test is not concerned with how separate or different the second function of the employer is from the first but with whether the second function generates obligations unrelated to those flowing from the first, that of employer." 2A Larson, *supra,* § 72.80, p 14-117.

As lessor of a machine, defendant undertook obligations unrelated to those as an employer, including the duty to warrant and provide a machine reasonably safe for its intended or foreseeable use. See *Jones v Keetch,* 388 Mich 164; 200 NW2d 227 (1972).

Support in Michigan for the dual capacity doctrine is found in the recent Supreme Court opinion in *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980). In holding that an employee could recover no-fault benefits from his employer who was self-insured under the Michigan no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* the Court stated:

"An employee may have ties with an employer other than the employer-employee relationship. They may be

landlord and tenant; trustee and beneficiary; vendor and vendee and so on. We look to the laws governing the particular relationship involved to determine rights and obligations of the parties. The fact that the parties are also employer-employee does not automatically trigger the operation of the exclusive remedy provision of the WDCA. The exclusive remedy provision applies only to employers where conditions of liability under the WDCA pertain." *Mathis, supra,* 184.

Notwithstanding § 131, defendant asserts that since Mr. Kantzler was plaintiff's coemployee, § 827(1) bars plaintiff's action. Section 827(1) provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section." MCL 418.827(1); MSA 17.237(827)(1).

It is undisputed that at the time of the accident, Mr. Kantzler was "a natural person in the same employ" as plaintiff. However, judicial interpretation of § 827 has added the requirement that *both employees* must be acting in the course of their employment at the time the injury occurred. *Dixon v Sype,* 92 Mich App 144; 284 NW2d 514 (1979), *Wilson v Al-Huribi,* 55 Mich App 95; 222 NW2d 49 (1974).

We find that in leasing a machine to the corporation which he controlled, Mr. Kantzler was not acting in the course of his employment. The ma-

chine could have been purchased from any third person or contributed as capital by Mr. Kantzler. Instead, it is claimed that Mr. Kantzler leased the machine to the corporation. In this posture, he is subject to the same liabilities as any lessor who provides an allegedly defective product. *Jones v Keetch, supra; Webb v Travelers Ins Co,* 98 Mich App 157; 296 NW2d 216 (1980).

Although our research has disclosed no Michigan cases directly on point, we find the New York case of *Costanzo v Mackler,* 34 Misc 2d 188; 227 NYS2d 750 (1962), is remarkably similar to the instant case. *Constanzo* dealt with the coemployee immunity provision of the New York Workmen's Compensation Act. Defendant, a coemployee, leased trucks to his employer. Plaintiff, another employee, was injured due to a defect which existed in one of the trucks. His injury occurred in the course of his employment. The Court held that defendant's act of leasing the truck to his employer was "independent of, and not related to, the common employment of both * * *." 227 NYS2d 750, 751.

We conclude that plaintiff's claim is not barred by the Act and, therefore, remand for trial. On remand, since the factual issue remains whether a bona fide lease agreement existed between Mr. Kantzler and the company, we emphasize that we have not decided whether plaintiff's claim is meritorious, only that he has pled one. *Szydlowski v General Motors Corp,* 59 Mich App 180; 229 NW2d 365 (1975).

Reversed and remanded.