MILLER v MASSULLO

Docket No. 93142. Submitted December 8, 1987, at Detroit. Decided November 8, 1988. Leave to appeal applied for.

Kenneth S. Miller was injured in the course of his employment with Chem-Bright Industries while operating a hi-lo inside a tractor-trailer when the tractor-trailer was driven away from a loading dock. At the time of the accident, the tractor-trailer was leased by Chem-Bright from Sidney R. Fine, Chem-Bright's president and principal shareholder. Miller brought an action in Wayne Circuit Court against Edmund Massullo, Fine and others, seeking damages for his injuries. The trial court, Thomas Roumell, J., granted summary disposition in favor of Fine (hereafter defendant), ruling that defendant was not the owner of the tractor-trailer for purposes of the Michigan Vehicle Code provision relating to the civil liability of a motor vehicle owner and that, because plaintiff and defendant were coemployees, plaintiff's action against defendant was barred under the coemployee immunity provision of the Workers' Disability Compensation Act. Plaintiff appealed.

The Court of Appeals *held:*

1. The statutory definitions of "owner," which includes (1) a person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than thirty days and (2) a person who holds legal title of a motor vehicle are not mutually exclusive. The inclusion of a lessee in the definition of "owner" was designed to expand rather than limit liability. The trial court therefore erred in concluding that defendant had ceased to be an owner of the tractor-trailer for purposes of the civil liability act when he leased the tractor-trailer.

2. The coemployee immunity provision of the Workers' Dis-

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 673.

Am Jur 2d, Workmen's Compensation §§ 231 *et seq.,* 240 *et seq.*

Comment Note.— Who is "owner" within statute making owner responsible for injury or death inflicted by operator of automobile. 74 ALR3d 739.

Right to maintain direct action against fellow employee for injury or death covered by workmen's compensation. 21 ALR3d 845.

ability Compensation Act requires that both employees must be acting in the course of their employment at the time the injury occurred. The grant of summary disposition in favor of defendant on this issue is improper since it cannot be said that plaintiff would have been unable to show at trial that defendant's act of leasing the tractor-trailer to his employer was independent of, and not related to, the common employment of plaintiff and defendant.

Reversed and remanded for trial.

1. AUTOMOBILES — MICHIGAN VEHICLE CODE — OWNER — CIVIL LIABILITY.

The definitions of "owner" as provided by the Michigan Vehicle Code are not mutually exclusive for purposes of the vehicle code provision relating to the civil liability of a motor vehicle owner; the definition of owner as any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than thirty days was designed to expand rather than to limit liability—to prevent the avoidance of the statutory policy by the device of a long-term lease, not to eliminate the liability of the owner-lessor (MCL 27.37, 257.401; MSA 9.1837, 9.2101).

2. WORKERS' COMPENSATION — IMMUNITY — COEMPLOYEES.

The coemployee immunity provision of the Workers' Disability Compensation Act requires that both employees must be acting in the course of their employment at the time the injury occurred (MCL 418.827[1]; MSA 17.237[827][1]).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *George T. Fishback*), for Kenneth S. Miller.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Jeffery G. Powers*), for Sidney R. Fine.

Before: KELLY, P.J., and MACKENZIE and P. D. SCHAEFER,* JJ.

PER CURIAM. Plaintiff Kenneth Miller appeals as of right from an order of summary disposition entered in favor of defendant Sidney R. Fine (here-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

after defendant). We reverse the grant of summary disposition and remand this case to the trial court.

Plaintiff was seriously injured during the course of his employment with Chem-Bright Industries. On July 14, 1984, plaintiff was operating a hi-lo inside a tractor-trailer. The injury occurred when the trailer was pulled away from the loading dock, plaintiff was thrown from the hi-lo, and the hi-lo landed on top of plaintiff.

Defendant owned the tractor-trailer in question and leased it to his and plaintiff's employer, Chem-Bright. At the time of the accident, defendant was the president of and principal shareholder in Chem-Bright.

Plaintiff brought an action against defendant individually pursuant to the motor vehicle liability act, MCL 257.401; MSA 9.2101. Defendant moved for summary disposition on the basis that plaintiff's action against defendant, a coemployee of plaintiff, was precluded by MCL 418.827; MSA 17.237(827). In awarding summary disposition to defendant, the trial court concluded that, as a matter of law, (1) defendant's status as a coemployee precluded the action and (2) defendant had no liability under the motor vehicle liability act because defendant was not an "owner" of the tractor-trailer as defined in the Michigan Vehicle Code. On appeal plaintiff argues that both of the trial court's conclusions are erroneous.

The civil liability of an owner of a motor vehicle is set forth in MCL 257.401; MSA 9.2101, which provides:

Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a

motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operations as the rules of the common law requires [sic]. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family: Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought.

"Owner" is defined as:

"Owner" means: (a) Any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days.

(b) A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortga-

gor shall be-deemed the owner. [MCL 257.37; MSA 9.1837.]

The trial court based its decision partly on its view that, despite defendant's holding legal title to the tractor-trailer, the fact that defendant had leased the vehicle to a corporation for a period of greater than thirty days "deprived" defendant of his status as an owner under the statute. In *Mathews v Wosek,* 44 Mich App 706, 714; 205 NW2d 813 (1973), this Court, in rejecting a mutually exclusive construction of subsections (a) and (b) of MCL 257.37; MSA 9.1837, held:

> There is, however, nothing in the act to indicate that these subsections are mutually exclusive. They are not phrased in the alternative. We think that subsection (a) was designed to expand rather than limit liability—to prevent the avoidance of the statutory policy by the device of a long-term lease, not to eliminate the liability of the owner-lessor.

Accord *Basgall v Kovach,* 156 Mich App 323, 327; 401 NW2d 638 (1986).[1] The trial court erroneously concluded that defendant was not an owner of the tractor-trailer for purposes of liability under § 401 of the Vehicle Code, MCL 257.401; MSA 9.2101.

We now turn our attention to the issue of whether defendant's status as a coemployee of plaintiff rendered defendant immune from plaintiff's action. Defendant's claim of immunity is based on the "third-party tortfeasor" rule of the

---

[1] Because this case does not involve an agreement for the conditional sale or lease of a vehicle of the type described in the second half of subsection 37(b), we do not need to reach the issue addressed in *Moore v Ford Motor Credit Co,* 166 Mich App 100; 420 NW2d 577 (1988), as to whether the legal title holder of a vehicle subject to a conditional lease is an owner for purposes of liability under the statute.

Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, which provides in pertinent part:

> Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. [MCL 418.827(1); MSA 17.237(827)(1).]

Plaintiff argues that MCL 418.827(1); MSA 17.237(827)(1) does not bar his action against defendant because he did not bring his suit against defendant as a coemployee, but rather, suit was brought against defendant in defendant's other capacity as an owner-lessor of the tractor-trailer.

The dual-capacity doctrine has been recognized by our courts as an exception to the general immunity granted to employers from actions by employees in exchange for the employee's right to recover workers' compensation benefits. The Michigan Supreme Court recognized the doctrine in *Mathis v Interstate Motor Freight System*, 408 Mich 164, 184; 289 NW2d 708 (1980), stating:

> An employee may have ties with an employer other than the employer-employee relationship. They may be landlord and tenant; trustee and beneficiary; vendor and vendee and so on. We look to the laws governing the particular relationship involved to determine rights and obligations of the parties. The fact that the parties are also em-

ployer-employee does not automatically trigger the operation of the exclusive remedy provision of the WDCA. The exclusive remedy provision applies only to employers where conditions of liability under the WDCA pertain.

In *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 653; 364 NW2d 670 (1984), the Court further explained:

> The dual-capacity doctrine recognizes that an employer can, under certain circumstances, occupy a status other than that of an employer with respect to his employee. See, *e.g., Mathis v Interstate Motor Freight System,* 408 Mich 164, 184; 289 NW2d 708 (1980). However, the doctrine is applicable only in those situations where the employer has a second identity which is completely distinct and removed from his status as an employer.
> This fundamental requirement for the application of the dual-capacity doctrine is set forth in 2A Larson, Workmen's Compensation Law, § 72.81, p 14-229:
> "An employer may become a third person, vulnerable to tort suit by an employee, if—and only if —he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person."

Plaintiff advocates extension of the doctrine to the employee/coemployee situation. In *Robards v Estate of Kantzler,* 98 Mich App 414, 419; 296 NW2d 265 (1980), this Court found a similar situation to fall within the dual-capacity analysis. In *Robards,* the plaintiff similarly sought to hold defendant liable for injuries sustained when, in the course of his employment, he was severely injured by a machine personally owned by defendant's decedent and leased to the corporate em-

ployer of both plaintiff and the decedent. This Court recognized that a prerequisite to operation of the MCL 418.827(1); MSA 17.237(827)(1) bar was that both employees must be acting in the course of their employment at the time the injury occurred. *Id.* The *Robards* Court stated:

> We find that in leasing a machine to the corporation which he controlled, Mr. Kantzler was not acting in the course of his employment. The machine could have been purchased from any third person or contributed as capital by Mr. Kantzler. Instead, it is claimed that Mr. Kantzler leased the machine to the corporation. In this posture, he is subject to the same liabilities as any lessor who provides an allegedly defective product. *Jones v Keetch* [388 Mich 164; 200 NW2d 227 (1972)]; *Webb v Travelers Ins Co,* 98 Mich App 157; 296 NW2d 216 (1980).
>
> Although our research has disclosed no Michigan cases directly on point, we find the New York case of *Costanzo v Mackler,* 34 Misc 2d 188; 227 NYS2d 750 (1962), is remarkably similar to the instant case. *Costanzo* dealt with the coemployee immunity provision of the New York Workmen's Compensation Act. Defendant, a coemployee, leased trucks to his employer. Plaintiff, another employee, was injured due to a defect which existed in one of the trucks. His injury occurred in the course of his employment. The Court held that defendant's act of leasing the truck to his employer was "independent of, and not related to, the common employment of both . . . ." 227 NYS2d 750,751.
>
> We conclude that plaintiff's claim is not barred by the Act and, therefore, remand for trial. [*Robards, supra,* pp 419-420.]

Defendant's motion was brought under MCR 2.116(C)(7) and (10). A motion for summary disposition under MCR 2.116(C)(10) tests whether there is

factual support for the plaintiff's claim. A court, in ruling on such a motion, must consider the pleadings, affidavits, depositions, admissions and documentary evidence available to it and give the nonmoving party the benefit of every reasonable doubt. The motion must not be granted unless the court is satisfied that it is impossible to support the claim at trial because of some deficiency which cannot be overcome. *NuVision, Inc v Dunscombe,* 163 Mich App 674, 683; 415 NW2d 234 (1987).

Our review of the record persuades us that defendant was not entitled to summary disposition. Defendant was the owner of the tractor-trailer and had leased the vehicle to Chem-Bright. Defendant received rental income under the lease and, as the owner, was expressly entitled to the tax benefits of depreciation and the investment credit on his personal income tax return. We are unconvinced that plaintiff would not have been able to show at trial that defendant's act of leasing the vehicle to his employer was independent of, and not related to, the common employment of both, *Robards, supra,* p 420, and thereby defeat defendant's claim of immunity under the Workers' Disability Compensation Act.

We reverse the order of summary disposition and remand the action for trial.

Reversed and remanded.