A89A2190. PORTER et al. v. BELOIT CORPORATION.
A89A2191. OWENS-ILLINOIS, INC. et al. v. BELOIT CORPORATION.
(391 SE2d 430)

McMURRAY, Presiding Judge.

Defendant Beloit Corporation entered into a contract for the installation of a "turn key" Rader Displacement Heating System at the Valdosta paper mill of defendant Owens-Illinois, Inc. This project was the first commercial scale implementation of a new paper making process which saves energy by storing and re-using the heat used to digest wood chips. The contract covered the retrofit of nine existing wood chip digesters to accommodate the new system, addition of a new tenth wood chip digester, and installation of a multifunction process control system to provide for automated control of the revised system. Defendant Beloit Corporation served as general contractor for the project and in turn contracted with various sub-contractors, including McAbee Construction Company.

On February 4, 1985, the number 10 digester was placed in operation for a test or "shake down" procedure. During this test operation

the number 10 digester contained wood chips and caustic chemicals under high pressure and superheated. A blow line in the system became clogged with wood chips which required the shutdown of the number 10 digester. During the shutdown, portions of the control system were removed and replaced, resulting in the opening of valves which permitted the contents of the number 10 digester to flow into a warm liquor accumulator tank, a non-pressurized or atmospheric vessel which was not rated to withstand the pressures then existing in the number 10 digester. The warm liquor accumulator tank was unable to withstand the pressure and ruptured, spewing extremely hot caustic liquids and vapors.

When the warm liquor accumulator tank erupted, Robert M. Porter, an employee of McAbee Construction Company, was working approximately 15 feet away, suspended above the floor in a boatswain's chair. He was drenched with the caustic liquid, suffered chemical and thermal burns to approximately 70 percent of his body, and died from his injuries five days later.

On January 30, 1987, plaintiffs Steven Porter and Michael B. Porter filed this action seeking damages for the wrongful death of Robert M. Porter, their father. Plaintiff Michael B. Porter also seeks to recover damages in his representative capacity, as administrator of his father's estate, for Robert M. Porter's pain and suffering prior to his death, funeral expenses, medical expenses, and for punitive damages. Plaintiffs' complaint prays for a judgment against defendants Owens-Illinois, Inc., Bailey Controls Company, Bailey Controls International & Services Co., Inc., The Babcock & Wilcox Company, McDermott, Inc., McDermott International, Inc., and Beloit Corporation.

Defendant Beloit Corporation filed a motion for summary judgment contending that workers' compensation provided plaintiffs' sole remedy for the death of their father. Two appeals were filed from the grant of defendant Beloit Corporation's motion for summary judgment. Plaintiffs appeal in Case Number A89A2190. Defendants Owens-Illinois, Inc. and Bailey Controls Company appeal in Case Number A89A2191. *Held*:

1. The motion of defendant Beloit Corporation to dismiss the appeal of defendant Bailey Controls Company, Inc. due to a lack of standing to appeal is denied. This motion was predicated on the supposition that under *Merritt v. McCrary*, 162 Ga. App. 825, 826 (1), 827 (292 SE2d 920), a defendant's assertion of a right to contribution against another defendant must be made by cross-claim or waived. However, this requirement was not stated in this Court's decision and there was no cross-claim filed in that case.

2. Defendant Beloit Corporation as statutory employer of Robert M. Porter under OCGA § 34-9-8 was, under OCGA § 34-9-11, immune from tort liability for his death. *Wright Assoc. v. Rieder*, 247 Ga. 496,

497 (1) (277 SE2d 41). Nonetheless, appellants in the cases sub judice contend that the grant of summary judgment was error since plaintiffs' complaint states a products liability claim pursuant to OCGA § 51-1-11, which is, they argue, beyond the scope of OCGA § 34-9-11. In other words, appellants contend that plaintiffs' claim against Beloit Corporation in its capacity as designer and manufacturer of the Rader Displacement Heating System, as opposed to its capacity as statutory employer, is not barred by OCGA § 34-9-11.

Appellants' argument is an invocation of the "dual capacity doctrine" which has been defined "as that theory under which an employer who normally enjoys immunity from common law and statutory liability under the exclusive remedy provision of workers' compensation law may become liable to an employee when acting in a capacity outside the employer-employee relationship, which capacity may impose obligations apart from those imposed as an employer." 9 ALR 4th 873, 875 (note 2). Although the dual capacity doctrine flourished for a brief time in a small number of states, application of the concept has been curtailed more recently as it is recognized that the doctrine has been expanded beyond that point at which it ceases to be fundamentally sound. Larson's Workmen's Compensation Law, § 72.80 et seq., Vol. 2A. The surviving portion of the concept, which Professor Larson suggests should be renamed "dual persona doctrine," is that "[a]n employer may become a third person, vulnerable to tort suit by an employee, if — and only if — he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person." Larson's Workmen's Compensation Law, § 72.81, Vol. 2A.

We decline appellants' invitation to adopt the dual capacity doctrine insofar as it removes employer immunity where claims, such as those in this case, are predicated upon a mere separate relationship or theory of liability. Any such claim against an actual or statutory employer, whether by an employee, his personal representative, parents, dependents, or next of kin, is not an action against a "third-party tort-feasor" which avoids the immunity provided under OCGA § 34-9-11. As defendant Beloit Corporation has no separate legal persona such as would invoke the "dual persona doctrine" this is not an appropriate case to consider adoption of this more narrow version of the dual capacity doctrine. The superior court did not err in granting summary judgment in favor of defendant Beloit Corporation.

*Judgments affirmed. Carley, C. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

The dissent in *Landrum v. Cobb County Concrete Prods.*, 191

Ga. App. 805 (383 SE2d 144) (1989), found the issue here sufficiently raised by the pleadings and agreed with the appellant that the statutory employer who is the manufacturer of the allegedly defective or deficient product is not made immune from a product liability claim by OCGA §§ 34-9-8 and 34-9-11. However, that opinion gained no other adherents in either respect and thus I am compelled to concur.

DECIDED FEBRUARY 8, 1990 —
REHEARING DENIED FEBRUARY 21, 1990 — 

*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman, G. Stuart Watson, Dawn G. Benson,* for Porter.
*Young, Young & Clyatt, F. Thomas Young, Daniel C. Hoffman,* for Beloit.
*Alexander & Vann, William C. Sanders, George T. Talley, Edward F. Preston,* for Owens-Illinois.