A90A1438. DOGGETT v. PATRICK.
(398 SE2d 770)

POPE, Judge.

Plaintiff James L. Doggett was an employee of Handy Food Center, Inc., a small chain of grocery stores, when he was severely injured in the course of his employment. The record shows plaintiff entered the meat cutting room of the store at which he was employed and when the door slammed shut the suspended ceiling fell, knocking plaintiff into a meat slicer. The blade slashed the left side of his throat almost from front to back, severing nerves, tissue and arteries. His life was apparently saved because a fellow employee pinched the main artery to stop the loss of blood until an ambulance arrived. Plaintiff received workers' compensation benefits from his employer. He also brought this action against defendant E. M. Patrick under the theory of premises liability. Defendant owns the property on which the grocery store is located, had the building constructed and leased it to the corporation which is plaintiff's employer. However, defendant is also the president of that corporation, though he owns no stock in it, and was granted summary judgment on the ground he is immune from liability pursuant to the exclusive remedy provision of the Workers' Compensation Act. Plaintiff appeals.

The issue presented on appeal is whether defendant, who would be immune from suit for acts performed in his representative capacity as an executive officer of the corporation (see *Stoker v. Wood*, 161 Ga. App. 110 (289 SE2d 265) (1982)), is subject to liability pursuant to

the "dual persona doctrine." Pursuant to that doctrine, " '(a)n employer may become a third person, vulnerable to tort suit by an employee, if — and only if — he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.' Larson's Workmen's Compensation Law, § 72.81, Vol. 2A." *Porter v. Beloit Corp.*, 194 Ga. App. 591, 593 (391 SE2d 430) (1990). For the dual persona doctrine to apply, the duties imposed upon the second persona must be totally separate from those imposed by the employer-employee relationship. Larson's Workmen's Compensation Law, § 72.81 (c). The issue thus becomes whether defendant acted as a separate legal entity in constructing and maintaining the building or merely acted in his representative capacity as the alter ego of the corporation-employer.

Plaintiff's complaint alleges his injuries were proximately caused by the negligent and defective construction of the building and negligent maintenance of the premises. The premises were not owned in this case by the corporation-employer but by defendant Patrick in his individual capacity. The record shows defendant had the building constructed and that he contracted with the individual tradesmen and contractors for the work necessary to complete the building instead of hiring a general contractor. The building at issue in this case and four other buildings owned by defendant are leased by him to the corporation-employer for use as grocery stores. Defendant receives monthly lease payments for the five buildings pursuant to written leases in addition to his salary and other compensation as president of the corporation. Thus, at least an issue of fact is presented concerning whether the duties imposed upon defendant as a landowner are separate from those imposed upon him as a representative of plaintiff's employer.

In an earlier case this court held the president of the corporation which was plaintiff's employer was entitled to immunity from suit pursuant to the workers' compensation law. In *Vaughn v. Jernigan*, 144 Ga. App. 745 (242 SE2d 482) (1978), the plaintiff was injured by machinery operated by his employer on property owned by the defendant who was also the president, a director and a stockholder of the employer corporation. The complaint alleged the operation and maintenance of the machinery constituted a defective condition on the premises for which defendant was liable as owner. We held defendant was entitled to immunity from suit because his "knowledge of the allegedly defective condition, as well as his authority to correct it, came to him not through his ownership of the premises but through his active involvement in the management of the employer corporation as its chief executive officer. Whatever breach of duty he may have committed with respect to the operation of the [machinery], he

committed solely through nonfeasance and while acting as 'alter ego' of the corporation, conclusions with which [plaintiffs] agree in their brief. Accordingly, he cannot properly be labeled a 'third-party tortfeasor,' and a recovery against him is precluded by [OCGA § 34-9-11]." Id. at 746. In *Vaughn* the employer installed the allegedly defective machinery after taking possession of the premises under a lease agreement with defendant. In the case at hand, the alleged negligence relates, inter alia, to the manner in which the building was constructed by defendant before he leased the building to the employer. Evidence in the record creates at least an issue of fact to be determined by a jury regarding whether defendant's knowledge, if any, of the allegedly defective condition came to him through his ownership of the premises as opposed to his status as president of the company which leased the premises from him.

In granting summary judgment, the trial court relied upon our recent decision in *Porter v. Beloit Corp.*, supra, in which we concluded a statutory employer had no separate legal persona simply because it was also the manufacturer of industrial machinery and therefore was immune from the employee's product liability claim. The facts of this case, however, create at least an issue of fact concerning whether defendant, in his status as owner and landlord of the building in which plaintiff was injured, was a separate legal persona from defendant in his status as president, and therefore representative of, plaintiff's employer. Unlike *Stoker v. Wood*, supra, or *Chambers v. Gibson*, 145 Ga. App. 27 (243 SE2d 309) (1978), this is not a case where it is conclusively shown that the allegedly negligent act of the executive officer was committed in his representative capacity. Thus, defendant is not entitled to summary judgment. See *Miller v. Massullo*, 172 Mich. App. 752 (432 NW2d 429) (1988) (in which the Michigan appeals court held the president and principal shareholder of plaintiff's employer was not entitled to summary judgment because an issue of fact was created regarding whether defendant's act in leasing to the employer an allegedly defective vehicle was independent of, and not related to, the common employment of both defendant and plaintiff); *Robards v. Estate of Kantzler*, 98 Mich. App. 414 (296 NW2d 265) (1980) (in which the Michigan appeals court held the president of a corporation who leased property to his employer was not entitled to workers' compensation immunity but was subject to the same liability as any other premises lessor). But cf. *Jackson v. Gibson*, 409 NE2d 1236 (Ind. App. 1980) (where the Indiana appeals court held a landowner who was sued under the theory of premises liability was immune from suit because he was also president and sole shareholder of plaintiff's employer but did not analyze the capacity in which defendant was acting at the time the alleged negligent acts were committed, as in the cases cited above) and *Rodgers v. Hembd*,

518 NE2d 1120 (Ind. App. 1988) (in which that same court held an architect who was sued for professional negligence was immune from suit because he was also an officer of plaintiff's employer, but the court also noted defendant's design was executed in the course of his employment and was approved by the employer).

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 29, 1990.

*John T. Croley, Jr.*, for appellant.
*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman, Dawn G. Benson*, for appellee.