## A02A1650. COWART v. CROWN AMERICAN PROPERTIES, L.P. et al.
### (572 SE2d 706)

PHIPPS, Judge.

Connie Cowart was employed by a Chick-Fil-A restaurant in the Mount Berry Square Mall in Rome. While working, she fell from an almost vertically aligned ladder used by employees as a passageway to the restaurant's mezzanine level. To recover for injuries sustained, she filed this tort action against Chick-Fil-A, Inc. (Chick-Fil-A), as well as the owner and operator of the mall, Crown American Properties, L.P. (Crown American).

Cowart claims that the ladder (referred to as a "ship's ladder") violated applicable building codes, and she charges Chick-Fil-A with liability for negligently preparing and designing plans and specifications for its construction. Cowart maintains that Crown American is liable for her injuries, because it had both the statutory duty and contractual right to cure the construction defect. Chick-Fil-A moved for summary judgment on the ground that it has tort immunity under the Workers' Compensation Act. Crown American moved for summary judgment on grounds that it played no part in the design or construction of the ladder. Cowart appeals the award of summary judgment to both defendants. We find no error and affirm.

To prevail by summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law.[1] The following facts are undisputed.

Crown American constructed the mall in the early 1990s. The Chick-Fil-A restaurant was built during the mall's construction. Crown American leased mall space to Chick-Fil-A for operation of the restaurant. Under the parties' lease agreement, Chick-Fil-A was responsible for the design and construction of the restaurant's interior improvements including the subject ladder, although Crown American reserved the right to approve Chick-Fil-A's construction plans and specifications. The lease agreement expressly provided that Crown American's approval of construction plans and specifica-

---

[1] OCGA § 9-11-56 (c).

tions did not relieve Chick-Fil-A of its responsibility for compliance with all code requirements.

Chick-Fil-A retained a licensed architectural firm to prepare plans and specifications for construction of the restaurant, including the ladder. An officer of Chick-Fil-A testified that Chick-Fil-A did not direct or control the work of the architectural firm and relied on it to design the ladder in a manner that would comply with all code requirements. The officer further testified that Chick-Fil-A has a construction and design department that ultimately approved the architectural firm's plans. Although Chick-Fil-A claims that it played no part in preparation of the plans and specifications for construction and design of the "ship's ladder," the ladder had been used in other Chick-Fil-A restaurants in malls throughout the country since the early 1970s.

The restaurant that employed Cowart is owned and operated by a franchisee of Chick-Fil-A. Cowart's injuries arose out of and in the course of her employment with the franchisee, and she received workers' compensation benefits paid by Chick-Fil-A under a contract or agreement between Chick-Fil-A and the franchisee.

1. Because OCGA § 34-9-11 (a) provides tort immunity to "any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee," Chick-Fil-A was entitled to summary judgment.[2]

Cowart maintains that Chick-Fil-A is deprived of its tort immunity under the "construction design professional" portion of OCGA § 34-9-11 (a). OCGA § 34-9-11 (a) creates three express exceptions to the employee's right to sue a third party, granting immunity from tort liability to (1) employees of the same employer, (2) persons who provide workers' compensation benefits under a contract with the employer, and (3) construction design professionals.[3] By the express terms of OCGA § 34-9-11 (a), the immunity granted to construction design professionals "shall not apply to the negligent preparation of design plans and specifications." Cowart argues that Chick-Fil-A is liable to her in tort because Chick-Fil-A, and its employees and agents, committed acts of professional negligence by preparing and approving the construction design for the "ship's ladder." There is no merit in this argument.

It is undisputed that Chick-Fil-A provided workers' compensation benefits to Cowart under a contract or agreement with the restaurant's franchisee. Therefore, Chick-Fil-A has tort immunity as a payor of workers' compensation benefits even if it were also a con-

---

[2] See *Sykes v. Smolek Grading*, 204 Ga. App. 633, 634 (1) (420 SE2d 85) (1992).

[3] *Cotton v. Bowen*, 241 Ga. App. 543, 545 (2) (524 SE2d 737) (1999).

struction design professional, which it is not. OCGA § 34-9-11 (b) states that, as used in subsection (a),

> the term "construction design professional" means any person who is an architect, professional engineer, landscape architect, geologist, or land surveyor who has been issued a license pursuant to Chapter 4, 15, 19, or 23 of Title 43 or any corporation organized to render professional services in Georgia through the practice of one or more such technical professions as architecture, professional engineering, landscape architecture, geology, or land surveying.

Clearly, Chick-Fil-A does not fall within this definition.

2. There is no merit in Cowart's argument that Chick-Fil-A assumed construction design duties so unrelated to its status as employer or workers' compensation payor that it is subject to liability under the "dual persona doctrine."

Under that doctrine, " '(a)n employer may become a third person, vulnerable to tort suit by an employee, if — and only if — he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.' [Cit.]"[4] In *Porter v. Beloit Corp.*,[5] the statutory employer was a general contractor on a construction project. An employee of a subcontractor died from injuries received due to malfunctioning industrial machinery that was being installed during the project. We held that the general contractor had no separate legal persona simply because it manufactured and designed the machinery.[6] It follows that Chick-Fil-A has not been shown to have any separate legal persona that would invoke the "dual persona doctrine," based on evidence that Chick-Fil-A approved the plans and specifications for construction of the ship's ladder or even participated in the construction design.

3. Cowart contends that the trial court erred in granting summary judgment to Crown American because under OCGA § 44-7-14,[7]

---

[4] *Porter v. Beloit Corp.*, 194 Ga. App. 591, 593 (2) (391 SE2d 430) (1990).

[5] Id.

[6] Compare *Doggett v. Patrick*, 197 Ga. App. 420 (398 SE2d 770) (1990) (president of a grocery store company had dual persona where, in his individual capacity, he owned the property on which the grocery store was located, constructed the building housing the grocery store, and leased it to the company).

[7] OCGA § 44-7-14 provides,
Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

it is responsible for damages arising from defective construction on the leased premises. There is no merit in this argument.

In *Rainey v. 1600 Peachtree, LLC*,[8] we recognized that where, as here, it is undisputed that an out-of-possession landlord did not construct the premises, the general rule of OCGA § 44-7-14 precludes liability. *Rainey* does recognize a limited exception to the general rule under which an out-of-possession landlord may be liable " '(i)f a building were defectively constructed by a predecessor in title, and the landlord knew or by the exercise of reasonable diligence could have known of its improper construction before the tenancy was created.' "[9] Under the undisputed facts of this case, this exception is inapplicable. Contrary to argument advanced by Cowart, there is no exception where, as here, the out-of-possession landlord merely retained the right to approve the tenant's construction of an improvement to the premises without having in any way supervised or directed construction.[10] Therefore, Crown American was entitled to summary judgment.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 15, 2002 

*Parker & Lundy, William L. Lundy, Jr., Charles E. Morris, Jr., Joe A. Weeks*, for appellant.

*Mabry & McClelland, Walter B. McClelland, Savell & Williams, Jennifer H. Chapin*, for appellees.

[8] 255 Ga. App. 299 (565 SE2d 517) (2002).
[9] Id. at 301, citing *Flagler Co. v. Savage*, 258 Ga. 335, 337 (2) (368 SE2d 504) (1988).
[10] See *Martin v. Johnson-Lemon*, 271 Ga. 120, 124 (2) (b) (516 SE2d 66) (1999).